## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
### Case No. <u>5:25-cv-136</u>

| | | |
|---|---|---|
| KERISMA MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | *(JURY DEMAND)* |
| NEWTON FAMILY PHYSICIANS, P.A., and | ) | |
| MALY VANG | ) | |
| | ) | |
| Defendants. | ) | |

**NOW COMES** the Plaintiff, KERISMA MILLER ("Plaintiff"), by and through undersigned counsel, hereby complaining of Defendants as follows:

### <u>PRELIMINARY STATEMENT</u>

1. This is an action to recover money damages arising out of Defendants' violation of Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and in violation of North Carolina public policy as set forth in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. Ann. § 143-422 et seq, intentional infliction of emotion distress, as well as a negligence action in which Plaintiff seeks compensatory damages for Defendants' negligence.

2. Plaintiff's claims arise out of Defendants' unlawful discrimination against Plaintiff on account of her race during her employment with Defendant NEWTON FAMILY PHYSICIANS. P.A.

3. As a result of these incidents, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

4. Plaintiff has exhausted her administrative remedies in that she filed a charge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and N.C. Gen. Stat. § 143-422.2 with the United States Equal Employment Opportunities Commission ("EEOC") through the Civil Rights Division of the North Carolina Office of Administrative Hearings setting forth the facts and circumstances supporting her claims herein and received notice of her right to sue.

5. This action and all associated claims have been timely brought within the applicable statutes of limitations.

6. Plaintiff seeks monetary damages (compensatory and punitive) against Defendant, as well as an award of costs and attorney's fees, and such other relief as the Court may deem just and proper.

## PARTIES

7. Plaintiff KERISMA MILLER is a natural person and resident of Catawba County, North Carolina.

8. Plaintiff was domiciled at all relevant times in Catawba County, North Carolina.

9. Defendant NEWTON FAMILY PHYSICIANS, P.A. is a professional corporation registered to do business in the State of North Carolina, with a registered office in Catawba County, North Carolina.

10. Defendant NEWTON FAMILY PHYSICIANS, P.A. owns, operates and manages a medical clinic located in Newton, North Carolina.

11. Plaintiff was a "employee" of Defendant, as defined by 42 U.S.C. § 2000e(f).

12. At all times relevant hereto, Defendant was responsible for the policy, practice, supervision, implementation, and conduct of all employee matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all personnel, agents, office holders, supervisors, as well as the individually named employees herein.

13. In addition, at all times relevant, Defendant NEWTON FAMILY PHYSICIANS, P.A. was responsible for ensuring that personnel obey the laws of the United States and the State of North Carolina.

14. Defendant MALY VANG is a natural person and resident of Catawba County, North Carolina.

15. Defendant VANG was domiciled at all relevant times in Catawba County, North Carolina.

16. Defendant MALY VANG was, at all times here relevant, employed by Defendant NEWTON FAMILY PHYSICIANS, P.A. and as such was acting in the capacity of an agent, servant and employee of Defendant NEWTON FAMILY PHYSICIANS, P.A. Defendant MALY VANG was, at the time relevant herein, a medical laboratory manager with Defendant NEWTON FAMILY PHYSICIANS, P.A.

**JURISDICTION AND VENUE**

17. The Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331, based upon the claims brought under the Constitution and law of the United States of America. The Court also has jurisdiction under 28 U.S.C. § 1343, as this action seeks redress for civil rights violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and North Carolina public policy as set forth in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. Ann. § 143-422 et seq.

18. The United States District Court for the Western District of North Carolina has personal jurisdiction because Defendants conducts business in Catawba County, North Carolina, which is located within this District.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), insomuch as Defendants conducts business within the Western District of North Carolina, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

20. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the pendent state law claims because those state law claims arise out of the same nucleus of operative fact as the federal claims.

21. Plaintiff's claims for relief are predicate upon Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e-2, which authorize actions to redress the deprivation, under color of state law, rights, privileges and immunities secured to the Plaintiff by the laws of the United States.

22. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 2202, and Rules 57 and 65 of the Federal Rules of

Civil Procedure, as well as claims for nominal and compensatory damages against Defendants.

23. Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988.

24. Plaintiff is informed, believes, and therefore alleges that in engaging in the conduct alleged herein, Defendants acted with the intent to deprive Plaintiff of her civil rights, and/or with reckless or callous indifference toward Plaintiff's federally protected rights.

25. As a result of the foregoing, Plaintiff seeks compensatory and punitive damages against the Defendants.

26. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

27. The evidence establishing liability for the causes of action will be similar, and neither issue will predominate nor create confusion for a jury.

## FACTUAL ALLEGATIONS

28. Plaintiff is a Black woman.

29. Plaintiff began working for Defendant NEWTON FAMILY PHYSICIANS, P.A. on an as-needed basis starting on or about January 2023.

30. Plaintiff worked for Defendant NEWTON FAMILY PHYSICIANS, P.A. as a phlebotomist, a position where the essential functions for the job included collecting and processing blood specimens for testing in the laboratory.

31. During her employment, Plaintiff consistently performed her job duties in a satisfactory and competent manner, as evidenced by her being offered full time employment on or about June 2024.

32. During her employment, Defendant VANG acted as Plaintiff's direct supervisor in the laboratory.

33. During her employment, Plaintiff was subjected to several incidents of hostility, harassment, and discrimination based on her race, and experienced various derogatory comments about Plaintiff's physical appearance, including her wig, weight, and skin color. Specifically, Defendant VANG would comment that Plaintiff would "be picking cotton," threaten to pull off Plaintiff's wig, and made remarks comparing Plaintiff's black skin color to other employees.

34. Defendant VANG's comments were specifically motivated by Plaintiff's race.

35. Defendant VANG made similar comments to other Black employees.

36. Defendant VANG made comments about Plaintiff to other persons outside of their employment, and referenced those conversations to Plaintiff when making further discriminatory comments.

37. Throughout her employment, Plaintiff reported incidents of discrimination and mistreatment to management and Human Resources on several occasions.

38. Despite these reports, no action was taken to address or rectify the discrimination and mistreatment.

39. On or about September 26, 2024 Defendant VANG made several comments about Plaintiff's wig, specifically asking Plaintiff why she doesn't take off her wig and asked if Plaintiff didn't have hair underneath.

40. These comments were not only unwanted but also inappropriate and offensive to Plaintiff.

41. These comments were clearly discriminatory, targeting Plaintiff because of her race, and were intended to demean and humiliate her.

42. On or about that time, Plaintiff reported Defendant VANG's comments to Defendant Vang's supervisor.

43. Despite this report, no action was taken to address or rectify the discrimination and mistreatment.

44. On or around October 14, 2024, Plaintiff was informed that she had been terminated from her position with Defendant NEWTON FAMILY PHYSICIANS, P.A. without cause. Plaintiff inquired as to the reason for her termination and was told that it was due to the various reports Plaintiff had made against Defendant VANG.

45. The actions of Defendant NEWTON FAMILY PHYSICIANS, P.A. were malicious and retaliatory, aimed at punishing Plaintiff for raising concerns about discriminatory treatment, and were done with the knowledge that Plaintiff's rights would be unjustly violated.

46. As a direct and proximate result of the acts of Defendants, Plaintiff has suffered the following injuries and damages: violation of her civil rights, lost income,

emotional trauma and suffering, including fear, intimidation, embarrassment, humiliation, emotion distress, frustration, extreme inconvenience, anxiety, and harm to reputation.

47. Defendant NEWTON FAMILY PHYSICIANS, P.A. knew or should have had reason to know of its' employees propensity to violate the civil rights of others, yet failed to appreciate the risk posed to Plaintiff and other employees and further failed to take adequate precautions to prevent the conduct described herein.

48. Defendant NEWTON FAMILY PHYSICIANS, P.A. was knowingly and deliberately indifferent to the possibility that its employees were wont to violate the civil rights of employees as described herein.

49. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Plaintiff and violate her civil rights.

50. Upon information and belief, the Defendant NEWTON FAMILY PHYSICIANS, P.A. and their respective officials or supervisors have approved or acquiesced to policies, customs or patterns and practices within Newton Family Physicians, P.A. that resulted in the unlawful harassment, discrimination, and discharge of Plaintiff.

51. Upon information and belief, NEWTON FAMILY PHYSICIANS, P.A. and their respective officials or supervisors have failed to provide adequate training that resulted in the unlawful harassment, discrimination and discipline of Plaintiff.

**FIRST CAUSE OF ACTION**

52. The above paragraphs are incorporated herein by reference as if fully set forth below.

53. Title VII of the Civil Rights Act of 1964 (Title VII) makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of race or sex. 42 U.S.C. § 2000e–2(a)(1) (2013).

54. Defendant NEWTON FAMILY PHYSICIANS, P.A is an employer as defined by 42 U.S.C. § 2000e.

55. The protections of Title VII of the Civil Rights Act of 1964 extend to situations where employees are required to work in a discriminatorily or abusively hostile environment. Harris v. Forklift Sys., 510 U.S. 17, 21 (1993).

56. For a Plaintiff to succeed in a hostile work environment claim under Title VII of the Civil Rights Act of 1964, the Plaintiff must show that "(1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Causey v. Balog,162 F.3d 795, 801 (4th Cir. 1998)).

57. Plaintiff experienced invidious comments by Defendant VANG that were not only unwanted but also inappropriate and offensive to her.

58. These comments were clearly discriminatory, targeting Plaintiff because of her race, and were intended to demean and humiliate her.

59. The harassment was severe and pervasive, as Plaintiff made various reports of experiencing discrimination and mistreatment.

60. Despite reporting these incidents to her management and human resources, Defendant NEWTON FAMILY PHYSICIANS, P.A failed to take appropriate action, and the Plaintiff continued to face discrimination and mistreatment.

61. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

62. Defendants' unlawful conduct constitutes a willful and wanton violation of Title VII of the Civil Rights Act of 1964, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

63. Defendant NEWTON FAMILY PHYSICIANS, P.A's employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

64. Defendant NEWTON FAMILY PHYSICIANS, P.A failure to address the harassment and discrimination provides a basis for imposing liability, as the

employer had notice of the mistreatment and failed to take corrective measures.

**SECOND CAUSE OF ACTION**

*Harassment and Discrimination Creating a Hostile Work Environment in Violation of
N.C.G.S. § 143–422.2*

65. The above paragraphs are incorporated herein by reference as if fully set forth below.

66. The North Carolina Equal Employment Practices Act makes it unlawful for an employer to discriminate against any individual with respect to seeking, obtaining, and holding employment because of race, age or sex. N.C.G.S. § 143–422.2.

67. Defendant NEWTON FAMILY PHYSICIANS, P.A is an employer as defined by N.C.G.S. § 143–422.2.

68. As a Black woman, Plaintiff is a member of a protected class.

69. "The North Carolina Supreme Court has explicitly adopted the Title VII evidentiary standards in evaluating a state claim under § 143–422.2 insofar as they do not conflict with North Carolina statutes and case law." Head v. Adams Farm Living, Inc., 242 N.C. App. 546, 554 (N.C. Ct. App. 2015) (citing Johnson v. Crossroads Ford, Inc., 749 S.E.2d 102, 107 (N.C. Ct. App. 2013)).

70. The protections of Title VII of the Civil Rights Act of 1964 extend to situations where employees are required to work in a discriminatorily or abusively hostile environment. Guthrie v. Conroy, 152 N.C. App. 15, 20 (N.C. Ct. App. 2002).

71. For a Plaintiff to succeed in a hostile work environment claim under Title VII of the Civil Rights Act of 1964, the Plaintiff must show that "(1) she experienced

unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Causey v. Balog,162 F.3d 795, 801 (4th Cir. 1998)).

72. Plaintiff experienced invidious comments by Defendant VANG that were not only unwanted but also inappropriate and offensive to her.

73. These comments were clearly discriminatory, targeting Plaintiff because of her race, and were intended to demean and humiliate her.

74. The harassment was severe and pervasive, as Plaintiff made various reports of experiencing discrimination and mistreatment.

75. Despite reporting these incidents to her management and human resources, Defendant NEWTON FAMILY PHYSICIANS, P.A failed to take appropriate action, and the Plaintiff continued to face discrimination and mistreatment.

76. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

77. Defendants' unlawful conduct constitutes a willful and wanton violation of N.C.G.S. § 143–422.2, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights,

entitling Plaintiff to an award of punitive damages.

78. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

79. Defendant NEWTON FAMILY PHYSICIANS, P.A's failure to address the harassment and discrimination provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

### THIRD CAUSE OF ACTION
*Retaliation and Wrongful Termination in Violation of*
*Title VII of the Civil Rights Act of 1964*

80. The above paragraphs are incorporated herein by reference as if fully set forth below.

81. Title VII of the Civil Rights Act of 1964 (Title VII) makes it unlawful for an employer "to discriminate against any of [its] employees ... because [s]he has opposed any practice made an unlawful employment practice by this subchapter[.]" 42 U.S.C. § 2000e-3(a).

82. Defendant NEWTON FAMILY PHYSICIANS, P.A is an employer as defined by 42 U.S.C. § 2000e.

83. For a Plaintiff to succeed in a retaliation claim under Title VII of the Civil Rights Act of 1964, the Plaintiff must show that (1) she engaged in some protected activity, (2) the employer took adverse employment action against plaintiff; and (3) that the protected conduct was a substantial or motivating factor in the adverse action (a causal connection existed between the protected activity and

the adverse action). <u>Emp't Sec. Comm'n of N.C. v. Peace</u>, 128 N.C. App. 1, 9, 493 S.E.2d 466, 471 (1997).

84. Plaintiff engaged in protected activity by filing a complaint regarding workplace discrimination based on her race.

85. After filing various complaints due to this harassment, Plaintiff continued to face discrimination and mistreatment.

86. But for the Plaintiff's engagement in the protected activity of filing various complaints of discrimination against Defendant VANG, Plaintiff would not have been terminated from her employment.

87. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

88. Defendants' unlawful conduct constitutes a willful and wanton violation of Title VII of the Civil Rights Act of 1964, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

89. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

90. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s failure to address the retaliation and wrongful termination provides a basis for imposing liability, as

the employer had notice of the mistreatment and failed to take corrective measures.

## FOURTH CAUSE OF ACTION
### *Retaliation and Wrongful Termination in Violation of N.C.G.S. § 143–422.2*

91. The above paragraphs are incorporated herein by reference as if fully set forth below.

92. The North Carolina Equal Employment Practices Act makes it unlawful for an employer to discriminate against any individual with respect to seeking, obtaining, and holding employment because of race, age or sex. N.C.G.S. § 143–422.2.

93. "The North Carolina Supreme Court has explicitly adopted the Title VII evidentiary standards in evaluating a state claim under § 143–422.2 insofar as they do not conflict with North Carolina statutes and case law." Head v. Adams Farm Living, Inc., 242 N.C. App. 546, 554 (N.C. Ct. App. 2015) (citing Johnson v. Crossroads Ford, Inc., 749 S.E.2d 102, 107 (N.C. Ct. App. 2013)).

94. Defendant NEWTON FAMILY PHYSICIANS, P.A. is an employer as defined by 42 U.S.C. § 2000e.

95. For a Plaintiff to succeed in a retaliation claim under Title VII of the Civil Rights Act of 1964, the Plaintiff must show that (1) she engaged in some protected activity, (2) the employer took adverse employment action against plaintiff; and (3) that the protected conduct was a substantial or motivating factor in the adverse action (a causal connection existed between the protected activity and

the adverse action). Emp't Sec. Comm'n of N.C. v. Peace, 128 N.C. App. 1, 9, 493 S.E.2d 466, 471 (1997).

96. Plaintiff engaged in protected activity by filing a complaint regarding workplace discrimination based on her race.

97. After filing various complaints due to this harassment, Plaintiff continued to face discrimination and mistreatment.

98. But for the Plaintiff's engagement in the protected activity of filing various complaints of discrimination against Defendant VANG, Plaintiff would not have been terminated from her employment.

99. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

100. Defendants' unlawful conduct constitutes a willful and wanton violation of N.C.G.S. § 143–422.2, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

101. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

102. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s failure to address the retaliation and wrongful termination provides a basis for imposing liability, as

the employer had notice of the mistreatment and failed to take corrective measures.

**FIFTH CAUSE OF ACTION**
*Disparate Treatment in Violation of Title VII of the Civil Rights Act of 1964*

103. The above paragraphs are hereby incorporated by reference as if fully set forth herein.

104. Title VII of the Civil Rights Act of 1964 (Title VII) makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of race or sex. 42 U.S.C. § 2000e–2(a)(1) (2013).

105. Defendant NEWTON FAMILY PHYSICIANS, P.A. is an employer as defined by 42 U.S.C. § 2000e.

106. For a Plaintiff to succeed in a disparate treatment claim under Title VII of the Civil Rights Act of 1964, the Plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for her job and her job performance was satisfactory; (3) she was fired; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances. North Carolina Dep't of Correction v. Gibson, 308 N.C. 131, 301 S.E.2d 78, 82-85 (1983).

107. As a Black woman, Plaintiff is a member of a protected class.

108. Plaintiff was qualified for her job, having performed the work without ever being written up or receiving a poor evaluation.

109. Despite Plaintiff's qualifications and satisfactory job performance, Plaintiff was

terminated from employment.

110. Upon information and belief, other employees, particularly those of a different race than Plaintiff, were retained under similar circumstances despite comparable job performance.

111. Upon information and belief, this termination was directly related to Plaintiff filing various complaints against Defendant VANG and raising concerns about discriminatory treatment.

112. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

113. Defendants' unlawful conduct constitutes a willful and wanton violation of Title VII of the Civil Rights Act of 1964, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

114. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

115. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s failure to address the disparate treatment provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

**SIXTH CAUSE OF ACTION**

*Disparate Treatment in Violation of N.C.G.S. § 143–422.2*

116. The above paragraphs are hereby incorporated by reference as if fully set forth herein.

117. The North Carolina Equal Employment Practices Act makes it unlawful for an employer to discriminate against any individual with respect to seeking, obtaining, and holding employment because of race, age or sex. N.C.G.S. § 143–422.2.

118. Defendant NEWTON FAMILY PHYSICIANS, P.A. is an employer as defined by N.C.G.S. § 143–422.2.

119. "The North Carolina Supreme Court has explicitly adopted the Title VII evidentiary standards in evaluating a state claim under § 143–422.2 insofar as they do not conflict with North Carolina statutes and case law." Head v. Adams Farm Living, Inc., 242 N.C. App. 546, 554 (N.C. Ct. App. 2015) (citing Johnson v. Crossroads Ford, Inc., 749 S.E.2d 102, 107 (N.C. Ct. App. 2013)).

120. For a Plaintiff to succeed in a disparate claim pursuant to N.C.G.S. § 143–422.2, the Plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for his job and his job performance was satisfactory; (3) she was denied employment or promotion; and (4) other employees who are not members of the protected class were hired or promoted under apparently similar circumstances. North Carolina Dept. of Correction v. Hodge, 99 N.C. App. 602, 611 (N.C. Ct. App. 1990).

121. As a Black woman, Plaintiff is a member of a protected class.

122. Plaintiff was qualified for her job, having performed the work without ever being written up or receiving a poor evaluation.

123. Despite Plaintiff's qualifications and satisfactory job performance, Plaintiff was terminated from employment.

124. Upon information and belief, other employees, particularly those of a different race than Plaintiff, were retained under similar circumstances despite comparable job performance.

125. Upon information and belief, this termination was directly related to Plaintiff filing various complaints against Defendant VANG and raising concerns about discriminatory treatment.

126. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

127. Defendants' unlawful conduct constitutes a willful and wanton violation of N.C.G.S. § 143–422.2, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

128. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

129. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s failure to address the

disparate treatment provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

## SEVENTH CAUSE OF ACTION
### *Intentional Infliction of Emotional Distress*

130. The above paragraphs are incorporated herein by reference as if fully set forth.

131. For a Plaintiff to succeed in an intentional infliction of emotional distress claim, the Plaintiff must show "(1) extreme and outrageous conduct by the defendant (2) which is intended to and does in fact cause (3) severe emotional distress." Guthrie v. Conroy, 152 N.C.App. 15, 21, 567 S.E.2d 403, 408 (2002).

132. "A claim for intentional infliction of emotional distress exists `when a defendant's conduct exceeds all bounds usually tolerated by decent society[.]'" Watson v. Dixon, 130 N.C. App. 47, 52-53, 502 S.E.2d 15, 19-20 (1998), on reh'g, 132 N.C. App. 329, 511 S.E.2d 37 (1999), aff'd, 352 N.C. 343, 532 S.E.2d 175 (2000) (quoting Stanback v. Stanback, 297 N.C. 181, 196, 254 S.E.2d 611, 622 (1979)) (defendant engaged in extreme and outrageous conduct when he "frightened and humiliated [plaintiff] with cruel practical jokes, which escalated to obscene comments and behavior of a sexual nature, . . . finally culminating in veiled threats to her personal safety").

133. Defendant VANG engaged in conduct that was extreme and outrageous, including various derogatory comments about Plaintiff's physical appearance, including her wig, weight, and skin color. Specifically, Defendant VANG would comment that Plaintiff would "be picking cotton" and made remarks comparing

Plaintiff's black skin color to other employees.

134. These actions were not isolated incidents, but part of a broader, coordinated effort to demean and humiliate Plaintiff.

135. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, severe emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

136. Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

137. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

138. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s failure to address these incidents provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

### THIRTEENTH CAUSE OF ACTION
*Negligent Infliction of Emotional Distress*

Pleading in the alternative, Plaintiff alleges and says:

139. The above paragraphs are incorporated herein by reference as if fully set forth.

140. For a Plaintiff to succeed in a negligent infliction of emotional distress claim, the

Plaintiff must show "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as "mental anguish"), and (3) the conduct did in fact cause the plaintiff severe emotional distress." <u>Johnson v. Ruark Obstetrics</u>, 327 N.C. 283, 304 (N.C. 1990).

141. Defendant VANG engaged in conduct that was negligent, including various derogatory comments about Plaintiff's physical appearance, including her wig, weight, and skin color. Specifically, Defendant VANG would comment that Plaintiff would "be picking cotton" and made remarks comparing Plaintiff's black skin color to other employees.

142. These actions were not isolated incidents, but part of a broader, coordinated effort to demean and humiliate Plaintiff.

143. Defendant VANG had a duty to act reasonably in their treatment of Plaintiff, particularly as a supervisor and colleague, but their actions displayed a disregard for these duties, constituting negligence.

144. Given that Plaintiff had raised complaints of mistreatment and discrimination, it was reasonably foreseeable that derogatory statements would cause emotional harm.

145. Furthermore, Defendants' conduct, through derogatory comments related to Plaintiff's race, as well as creating a hostile work environment, could reasonably result in mental anguish and emotional distress.

146. As an actual, proximate, and foreseeable consequence of Defendants' conduct,

Plaintiff has suffered lost income, severe emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

147. Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

148. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

149. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s failure to address these incidents provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

## FOURTEENTH CAUSE OF ACTION
### *Negligent Hiring, Retention and Supervision under North Carolina State Law*

150. The above paragraphs are incorporated herein by reference as if fully set forth below.

151. For a Plaintiff to succeed in a negligent employment or retention claim, the Plaintiff must show "(1) the specific negligent act on which the action is founded ... (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the

master could have known the facts had he used ordinary care in "oversight and supervision," and (4) that the injury complained of resulted from the incompetency proved." Medlin v. Bass, 327 N.C. 587, 591, 398 S.E.2d 460, 462 (1990).

152. Defendant NEWTON FAMILY PHYSICIANS, P.A. owed a duty of care to Plaintiff to adequately hire, retain and supervise its employees, ensuring that the workplace was free from discriminatory practices and harassment.

153. Defendant NEWTON FAMILY PHYSICIANS, P.A. breached that duty of care in failing to adequately hire, retain and supervise its employees, particularly in the context of discriminatory treatment toward Plaintiff.

154. Defendant NEWTON FAMILY PHYSICIANS, P.A.'s failure to address Plaintiff's concerns regarding discriminatory behavior and its subsequent termination of Plaintiff placed employees in a position where they could inflict foreseeable harm, including harm to Plaintiff's employment and well-being.

155. Defendant NEWTON FAMILY PHYSICIANS, P.A. knew or should have known of its employees' propensity for violating the individual rights granted under the laws of the State of North Carolina, prior to the injuries incurred by Plaintiff.

156. Given Plaintiff's report of discriminatory treatment and the circumstances surrounding her termination, Defendant NEWTON FAMILY PHYSICIANS, P.A.'s knew or should have known of the potential for harm arising from discriminatory behavior and the violation of Plaintiff's individual rights, yet failed to take appropriate corrective action.

157. Defendant NEWTON FAMILY PHYSICIANS, P.A. failed to take reasonable measures in hiring, retaining and supervising its' employees that would have prevented the aforesaid injuries to Plaintiff.

158. Upon information and belief, the Defendant NEWTON FAMILY PHYSICIANS, P.A. and their respective officials or supervisors have approved or acquiesced to policies, customs or patterns and practices within Newton Family Physicians, P.A. that resulted in the unlawful harassment, discrimination, and discharge of Plaintiff.

159. Upon information and belief, Defendant NEWTON FAMILY PHYSICIANS, P.A. and their respective officials or supervisors have failed to provide adequate training that resulted in the unlawful harassment, discrimination and discipline of Plaintiff.

160. As an actual, proximate, and foreseeable consequence of Defendant's conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests the Court for the following relief:

1. That the Court find the Defendants liable to Plaintiff on all claims asserted.

2. That the Court enter judgment against Defendants in an amount to be determined at trial plus both pre and post judgment interest at the legal rate until paid in full after judgment, the costs of this action and attorneys' fees.

3. That the Plaintiff recover punitive damages.

4. That the Court accepts this verified complaint as an affidavit of the Plaintiff from which to base any motions related to this case.

5. That the Plaintiff recovers any further relief that the Court deems just and proper.

Respectfully submitted this 29th day of August, 2025

/s/ Alyssa Sanchez Wright
King Law Offices, P.C.
1351 N. Center Street
Hickory, North Carolina 28601
T: (828) 288-3085 ext. 2004
E: asanchez@kinglawoffices.com
NCSB No. 60337

*ATTORNEY FOR THE PLAINTIFF*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
### Case No. _____

|  |  |  |
|---|---|---|
| KERISMA MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **VERIFICATION** |
| | ) | |
| NEWTON FAMILY PHYSICIANS, P.A., and | ) | |
| MALY VANG | ) | |
| | ) | |
| Defendants. | ) | |

KERISMA MILLER, being first duly sworn, deposes and says that she is the Plaintiff in the above-captioned matter; that she has read the foregoing Complaint and knows the contents thereof and that the same are true to her own knowledge except as to those matters stated on information and belief, and as to those matters she believes them to be true.

_____
KERISMA MILLER
*Plaintiff*

STATE OF NORTH CAROLINA

COUNTY OF CATAWBA

SWORN TO AND SUBSCRIBED BEFORE ME

On this the 28 day of August, 2025.

_____
Notary Public

My Commission Expires: 07-13-2028

ALYSSA SANCHEZ WRIGHT
Notary Public
Catawba County
My Comm. Exp.
07-13-28
NORTH CAROLINA